**UNITED STATES DISTRICT COURT**
**OF MONTANA**
2601 2nd Avenue North
Billings, MT 59101
Main (406) 247-7000
Fax (406) 247-7008

```
COMPLAINT
FOR EMPLOYMENT
DISCRIMINATION
```
Jury Trial: NO

**RECEIVED**

**JAN - 8 2013**

CLERK, U.S. DISTRICT COURT
DISTRICT OF MONTANA
BILLINGS, MONTANA

LARRY LEE MASTERSON,
on behalf of self, a person with a documented disability
  PLAINTIFF

-against-

PRAIRIE COUNTY HOSPITAL DISTRICT,
a non-profit county entity owned by Prairie County, Montana; inclusive of Parker Powell, in his capacity as Chief Executive Officer of Prairie Community Hospital and Prairie County Clinic.

GLENDIVE MEDICAL CENTER, INC;
a non-profit corporation; inclusive of Sam Hubbard, in his capacity as Vice Present of Operations of Glendive Medical Center responsible for administrative guidance to Parker Powell
  DEFENDANTS

I. This action is brought for discrimination in employment inclusive of disparate treatment, retaliation and hostile work environment pursuant to: Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 – 12117, 12203 and 12133.

Plaintiff Name:
1. Larry Lee Masterson
   Yellowstone County
   233 Avenue C
   Billings, MT 59101
   Phone (406) 853-6220

Defendants Name:
1. Prairie County Hospital District, inclusive of Prairie Community Hospital, Prairie County Clinic, and Parker Powell –Chief Executive Officer of Prairie County Hospital District
   Prairie County
   312 S. Adams Ave
   P.O. Box 156
   Terry, MT 59349
   Phone (406) 635-5863

2. Glendive Medical Center, inclusive of Sam Hubbard –Vice President of Operations of Glendive Medical Center.
   Dawson County
   202 Prospect Drive
   Glendive, MT 59330
   Phone (406) 345-3306

II. Statement of Claim:

A. Glendive Medical Center, per contractual collaborative agreement provides upper management team members and medical providers to Prairie County Hospital District, inclusive of Prairie Community Hospital and Prairie County Clinic, hereafter known as PCH. In accordance to this collaborative agreement, Parker Powell was hired to fill the role of Chief Executive Officer (CEO) for PCH; Sam Hubbard, Vice President of Operations of Glendive Medical Center provided supervision to Mr. Powell –as he is a recent bachelor degree graduate, and represented Glendive Medical Center on their part, hereafter known as GMC. I, Larry L Masterson, was hired as a physician assistant to work in the facilities owned by PCH per agreement with the National Health Service Corps[1].

B. The discriminatory conduct of which I complain in this action includes:

1. Failure to accommodate my disability: On Oct 14, 2011, Oct 27, 2011, and Nov 03, 2011, I requested accommodation according to the ADA of 1990. Request for accommodation was given verbally and in written form to Mr. Parker Powell, CEO of PCH; Sam Hubbard, VP of Operations of GMC; Scott Duke, CEO of GMC; individual letters to each member of the Prairie Community Hospital Board of Directors; and Human Resources Department, Glendive Medical Center. Initial letter of request for accommodation included statement of disability, previous treating providers, a brief history of disability, work conditions that exacerbate disability, accommodation recommendations, and support documentation from the Connecticut Bureau of Rehabilitation Services confirming duration of services. In response to my requests, Mr. Powell refused to discuss accommodation until medical information protected under the Health Information Portability and Accountability Act (HIPAA), other than that placed in the clinic patient chart, be given to defendants. Response received from Prairie Community Hospital Board of Directors did not address my request for accommodation. No response was received from Scott Duke, CEO or Human Resources of Glendive Medical Center.

2. Unequal terms and conditions of my employment: Priority and excessive privilege given to Mr. Samuel "Chip" Mintz, PA-C regarding daily work schedule and scheduling of regulatory medical staff meetings, vacation time, failure to support implementation of medical policies and treatment protocols accommodating my medical practice standards, failure to reimburse me for work and regulatory related Continuing Medical Education (CME) course expenses stipulated in employment agreements. These and other events directly contributed to reactivation and exacerbation of my disability.

3. Hostile work environment: Terry Chavez, former Director of Nursing (DON), created a pervasively negative and hostile work environment including impedance of treatments ordered for patient care, refusal to schedule education and training for nursing staff to accommodate my medical practice standards, and interference of patient care in the clinic – not under her purview as DON of the hospital. Virginia "Ginny" Mintz, spouse of Samuel "Chip" Mintz, interfered with patient care ordered by me, impeded implementation of my practice standards regarding pre-hospital care of patients –as Mrs. Mintz works with the Prairie County Volunteer Ambulance crew, and voiced her disapproval of my medical knowledge and skill in the community at large –including an episode of "yelling" at one of the nurses, requiring my attention in the middle of the night. I experienced multiple

stressful episodes at the hand of Mr. Mintz, including: patient dumping, questionable and out dated medical practices, ethics violations regarding a patient's end of life decision, violations of CMS medical practice standards and coding guidelines, and undocumented medical practices leading to the death of a patient. These and other events directly contributed to reactivation and exacerbation of my disability.

4. Retaliation: Upon receipt of my letter of intent to seek other employment, Mr. Powell began a persistent and pervasive chain of actions that included write-ups to impugn my reputation and falsely accuse me of violations of state and federal laws, violation of verbal agreement allowing me to stay at my home in Miles City to prevent sleep deprivation; and began a constructed firing process. This process forced me to seek employment elsewhere, resulting in a significant income loss of $46, 520 per year in salary and benefits.

5. I suffered disparate treatment and that defendants discriminated against me based on my disability or perceived disability: chronic depression with concomitant stress related disorder (conversion disorder with right hemispheric dystonia). These and other events directly contributed to reactivation and exacerbation of my disability.

III. Exhaustion of Federal Administrative Remedies:

A. It is my best recollection that the alleged discriminatory acts occurred on, but not limited to: Oct 14, 2011, Oct 27, 2011, and Nov 03, 2011. Written and verbal requests were presented to PCH and GMC accordingly. No accommodations were granted.

B. It is my best recollection that I filed a charge with the Montana Human Rights Bureau (MT-HRB) per agreement with the Equal Employment Opportunity Commission (EEOC) regarding defendant's alleged discriminatory conduct on December 12, 2011. A determination of *no reasonable cause* was reached by the Montana Human Rights Bureau investigator. An appeal to this decision was filed on July 25, 2012 to the EEOC office in Seattle, WA. The EEOC adopted the MT-HRB findings and the Equal Employment Opportunity Commission issued a Notice of Right to Sue letter on October 11, 2012, which I received on October 23, 2012.

Attached is a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint[2,3].

IV. Relief:

A. WHEREFORE, plaintiff prays for relief that the Court grant such relief as may be appropriate pursuant to 42 U.S.C. §§ 12112 – 12117, 12203 and 12133, including: compensatory and punitive damages, costs, and such other and further relief as this court may deem just and proper as follows:
   a. Lost wages –I was forced to take a job paying $46, 520 per year less than my PCH position. I pray for relief of $46, 520 per year to the maximum of four years allowed by law to the sum of $186,080.00 (One-Hundred Eighty-Six Thousand Dollars).
   b. Compensatory and punitive damages for physical pain and emotional stress caused by the actions of defendants in the sum of $50,000.00 (Fifty-Thousand Dollars).
   c. Compensatory and punitive damages for retaliation to be determined by the court.

      d. Education fees not reimbursed, per contractual agreement, in the sum of $3,200.00 (Two-Thousand, Two-hundred Dollars).

B. Plaintiff prays for relief that the Court grant such injunctive orders, as to prevent future similar actions by Prairie County Hospital District and Glendive Medical Center.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this day of January 8, 2012.

_____
Signature of Plaintiff
Larry Lee Masterson
Yellowstone County
233 Avenue C, Billings, MT 59101
Phone (406) 853-6220