# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BILLINGS DIVISION

| | |
|---|---|
| LARRY LEE MASTERSON, <br><br> Plaintiff, <br><br> vs. <br><br> PRAIRIE COUNTY HOSPITAL DISTRICT and GLENDIVE MEDICAL CENTER, INC., <br><br> Defendants. | CV-13-05-BLG-SEH-CSO <br><br> **FINDINGS AND RECOMMENDATION** |

This *pro se* employment discrimination action was filed on January 8, 2013. On July 24, 2013, the Court issued a Scheduling Order that imposed a discovery deadline of February 21, 2014, and related deadlines. *ECF 21*.

On November 12, 2013, Plaintiff Larry Lee Masterson ("Masterson") filed a Motion to Dismiss Without Prejudice. *ECF 24*. Defendants do not oppose dismissal, but contend that the dismissal should be with prejudice or, in the alternative, conditioned on an award of fees and costs to the Defendants. *ECF 6, n. 1*. For the reasons set forth below, the Court recommends that the Masterson's motion be granted.

I. **PARTIES' ARGUMENTS**

Masterson explains that his dismissal motion is based upon: (1) "a severe exacerbation of [his] disability," including "a significant lose [*sic*] of cognitive abilities" such that he is unable to conduct adequate pro se representation; (2) living with friends away from Billings, Montana makes travel and other costs of self-representation cost prohibitive; and (3) he is awaiting final determination of an EEOC investigation. *ECF 24.* Masterson attaches to his motion an uncertified letter from a clinical psychologist who opines that "Mr. Masterson will [not][1] be able to manage the cognitive demands that would be required for self-advocacy in a court proceeding [nor be] capable of sustaining himself under the emotional demands of this complex set of tasks." *ECF 24-1 at 2*.

Defendants agree that the matter should be dismissed but request that the Court dismiss the matter with prejudice. Defendants have not filed a motion to dismiss with prejudice. Defendants explain that Masterson has not complied with court rules in that he did not file a preliminary pretrial statement, did not serve required initial

---

[1] Although the letter uses the word "now", it is clear from the context that the intended word was "not". ECF 24-1.

disclosures pursuant to Fed.R.Civ.P. 26(a), and has not responded to Defendants' discovery requests. *ECF 25 at 2-3.* Defendants contend they would be prejudiced by dismissal without prejudice because of Masterson's deemed admissions resulting from his failure to respond to discovery.

## II. ANALYSIS

Absent stipulation by the parties, Fed.R.Civ.P. 41(a)(2) provides that after an opposing party serves either an answer or a motion for summary judgment, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." The determination of whether a dismissal is to be with or without prejudice is a matter vested in the sound discretion of the court. *See Hargis v. Foster,* 312 F.3d 404, 412 (9th Cir. 2002).

The Ninth Circuit Court of Appeals has held that a district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it "will suffer some plain legal prejudice as a result." *Smith v. Lenches,* 263 F.3d 972, 975 (9th Cir. 2001) *(cited with approval in* WPP Luxembourg Gamma Three Sare v. Spot Runner, Inc., 655 F.3d 1039, 1058 n.6 (9th Cir. 2011)). "Legal

prejudice" means "prejudice to some legal interest, some legal claim, some legal argument." *Id. at 976.* Uncertainty or the threat of future litigation do not result in plain legal prejudice. Nor does legal prejudice result merely because the defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage by that dismissal. *Id.*

Defendants here may be inconvenienced by dismissal without prejudice, and they may lose a tactical advantage by having to serve new discovery requests if the case is ultimately refiled, but these factors do not require denial of Masterson's motion. This is particularly so where the reason for Masterson's voluntary dismissal is his apparent inability to handle his legal matters pro se. Thus, because Defendants have not shown that they will suffer some plain legal prejudice, the Court concludes that Masterson's motion should be granted. *See Clark v. Happy Days, LLC, 2011 WL 61180 \*2 (W.D. La. 2011).*

The second question that must be addressed under Rule 41(a)(2) is what terms should be fashioned for the dismissal. It is common for courts to require that the plaintiff pay the costs of the litigation as a condition of dismissal. *See generally Wright & Miller, Federal Practice*

*and Procedure: Civil 3d § 2366 at 527*. The Ninth Circuit has ruled that a court has the discretion to condition a dismissal without prejudice upon the payment of "appropriate costs and attorney fees." *Westlands Water Dist. v. United States,* 100 F.3d 94, 96 (9th Cir. 1996). But the payment of fees is neither mandatory nor a prerequisite to a Rule 41(a) dismissal. *Id. at 97.* And the Ninth Circuit has noted that Rule 41(a)(2) itself does not provide statutory authority for the imposition of sanctions upon dismissal. *See Heckethorn v. Sunan Corp.* 992 F.2d 240, 242 (9th Cir. 1993).

Although this action has been pending nearly a year, it does not appear that Defendants or their lawyers have expended considerable time and expense in the case. From a review of the docket, it appears that Masterson has propounded no discovery; no depositions have been taken; and no substantive motions have been filed or briefed. Additionally, Masterson is proceeding *in forma pauperis* and thus is unlikely to be able to afford such payments. Thus, the Court concludes that no imposition of fees and costs is appropriate at this time. *See Pendergrass v. Clanton*, 2008 WL 2079144 (D. Mont. 2008).

Masterson should be aware, however, that should he decide to

refile this action, a court considering a similar request for costs or sanctions will consider this first voluntary dismissal and may indeed award costs and fees if appropriate.

## III. <u>CONCLUSION</u>

For the reasons set forth above, IT IS RECOMMENDED that Masterson's Motion for Dismissal Without Prejudice (*ECF 24*) be GRANTED, each party to bear its own fees and costs.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk of Court shall serve a copy of these Findings and Recommendation upon the parties. The parties are advised that pursuant to 28 U.S.C. § 636, any objections to these Findings and Recommendation must be filed with the Clerk of Court and copies served on opposing parties within fourteen (14) days after service hereof, or objection is waived.

DATED this 23rd day of December, 2013.

**/s/ Carolyn S. Ostby**
United States Magistrate Judge